IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AUGUSTINE MARTINEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. H-09-699 |
| | § | |
| NATHANIEL QUARTERMAN, TEXAS | § | |
| DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, CORRECTIONAL | § | |
| INSTITUTIONS DIVISION, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION DISMISSING AS TIME-BARRED PETITIONER'S FEDERAL APPLICATION FOR WRIT OF HABEAS CORPUS**

Before the Magistrate Judge is Petitioner's Federal Application for Writ of Habeas Corpus (Document No. 1). Having considered the application, the conviction Martinez is challenging, the claims alleged, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below, that ths § 2254 proceeding be dismissed as time-barred under 28 U.S.C. § 2244(d).

**I.   Introduction and Procedural History**

On or about March 5, 2009, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" (Document No. 1). In that petition, Martinez asserted various claims challenging a 1990 conviction for aggravated sexual assault of a child. Given the date of the conviction, an Order was entered on March 30, 2009, instructing Martinez to "file a written statement . . . addressing the limitations bar and equitable tolling, if applicable." (Document No. 4). In his written response to that Order, Martinez indicates that he filed this suit in an attempt to "re-start" a previously filed federal

petition for writ of habeas corpus, Civil Action No. H-95cv1160. Martinez also indicated that he was seeking to reopen that prior proceeding with a Rule 60(b) motion.

Martinez's Rule 60(b) motion in Civil Action No. H-95-1160 was denied on June 16, 2009. Given that denial, this action cannot "re-start" Martinez's prior action. Moreover, this action is, based on Martinez's own allegations, time-barred.

## II. Discussion

Pursuant to the amendments enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), § 2254 applicants are subject to a one year limitations period. 28 U.S.C. § 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

When a § 2254 applicant challenges a state court conviction that was final prior to the

effective date of the AEDPA amendments, the applicant has a one-year grace period from the effective date of AEDPA, until April 24, 1997, to file a timely § 2254 application. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998) (holding that petitioners whose convictions were final prior to the effective date of the AEDPA, April 24, 1996, have one year from April 24, 1996 to timely file their applications), *cert. denied*, 525 U.S. 1091 (1999).

     Here, Martinez asserts that the judgment of conviction was entered on June 4, 1990, that his conviction was affirmed on November 21, 1991, and that his petition for discretionary review was thereafter denied. Martinez also asserts that he filed a state application for writ of habeas corpus in June 2004, which was denied by the Texas Court of Criminal Appeals on January 18, 1995. This Court's record shows that he then filed a federal application for writ of habeas corpus, Civil Action No. H-95-1160, which was dismissed without prejudice for want of prosecution on September 21, 1995. Martinez's motion for reconsideration of that dismissal was denied on December 13, 2005. The decision of the District Court was affirmed by the Fifth Circuit Court of Appeals on February 3, 2007, and a petition for writ of certiorari was thereafter denied. While Martinez did file a Rule 60(b) motion in Civil Action No. H-95-1160, he did so on March 5, 2009, more than seventeen years after his conviction became final, and more than eleven years after the one year grace period allowed for in *Flores* expired. Similarly, this action was filed more than seventeen years after Martinez's conviction became final, and eleven years after the one year grace period expired.

     Martinez's argument in his response to the March 30, 2009 Order entered in this case instructing him to address the limitations issue is that he did not obtain a copy of the state trial court record until just recently. That argument does not support an alternate date for the commencement of the one year limitations period under § 2244(d)(1)(D). That is because the District Court in Civil

3

Action No. H-95-1160, already determined that Martinez had actual or constructive access to the state trial court record at the time of his direct appeal:

> Petitioner alleges that his failure to respond [to Respondent's Motion for Summary Judgment] was the result of respondent's delay in providing a copy of the record to petitioner. However, it is apparent from the Petition for Writ of Habeas Corpus (Docket Entry No. 1) that petitioner already had access to these documents as a result of his direct appeal and petition for writ of habeas corpus in state court. Petitioner does not explain why these documents were not available to him for use in his response to the motion for summary judgment.

Document No. 11 in Civil Action No. H-95-1160, at 1-2. Based on that prior determination, the commencement of the one year limitations period can only be said to have commenced under § 2244(d)(1)(A) on the date Martinez's conviction became final. That limitations period would then have expired on April 24, 1997, one year after the effective date of the AEDPA. *Flores*, 135 F.3d at 1006. The instant § 2254 proceeding is therefore untimely. In addition, there are no facts or circumstances in the record that would warrant equitable tolling of the limitations period.

Equitable tolling may, in rare and exceptional circumstances, be available to "preserve a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir.1995). "Equitable tolling applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). The burden of proving rare and extraordinary circumstance in support of equitable tolling lies strictly with the petitioner. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Here, Martinez has set forth neither facts nor argument that would warrant the application

4

of equitable tolling. In addition, given the thirteen year delay between the dismissal, without prejudice, of Martinez's prior federal application for writ of habeas corpus, and the filing of the instant § 2254 proceeding, Martinez has not exercised the diligence required for an application of equitable tolling.

**III.     Conclusion and Recommendation**

Based on the foregoing and the conclusion that this § 2254 was not timely filed and that there are no rare or exceptional circumstances that would warrant the application of equitable tolling, the Magistrate Judge

RECOMMENDS that Petitioner Augustine Martinez' Federal Application for Writ of Habeas Corpus (Document No. 1) be DENIED, and this § 2254 proceeding be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 2244(d) as time-barred.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within 10 days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(c), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the ten day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208.

Signed at Houston, Texas, this 24th day of August, 2009.

Frances H. Stacy
United States Magistrate Judge